IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| CARLOS YOVANI ASENCIO-MARROQUIN, § § § | |
| Petitioner, § § | |
| v. § | CAUSE NO. EP-26-CV-43-KC |
| § | |
| PAM BONDI et al., § § | |
| Respondents. § § | |

## ORDER

On this day, the Court considered Carlos Yovani Asencio-Marroquin's Petition for a Writ of Habeas Corpus, ECF No. 1. Asencio-Marroquin is held in immigration detention at the Camp East Montana facility in El Paso, Texas. Pet. ¶¶ 4, 25. He argues that his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* ¶¶ 31–39; *id.* at 5.

Asencio-Marroquin has been in the country for approximately nine years and was apprehended and detained by immigration authorities for the first time on June 24, 2025. *Id.* ¶¶ 5, 6. In its Show Cause Order, ECF No. 2, the Court noted that, "[a]s alleged, [Asencio-Marroquin's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025)." Show Cause Order 1. The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Asencio-Marroquin's case warrant a different outcome." *Id.*

Respondents concede that "the factual and legal issues presented in the instant habeas petition do not differ in any material fashion from those presented in [*Martinez*]." Resp. 1, ECF No. 4. Instead of reprising the same legal arguments that this Court rejected in *Martinez* and

other immigration habeas cases,[1] Respondents "preserve[] all rights" and "incorporate by reference the legal arguments" they raised in *Martinez* and "related cases." *Id.* at 3.

As Respondents acknowledge that this case is materially indistinguishable from this Court's prior decisions, it follows that the same result is warranted here. Thus, after careful consideration of the entire record,[2] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Asencio-Marroquin's Petition is **GRANTED IN PART** on procedural due process grounds.

The Court **ORDERS** that, **on or before January 28, 2026**, Respondents shall either: (1) provide Asencio-Marroquin with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Asencio-Marroquin's continued detention; or (2) release Asencio-Marroquin from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before January 28, 2026**, Respondents shall **FILE** notice informing the Court whether Asencio-Marroquin has been released from custody. If Asencio-Marroquin has not been released from custody, Respondents shall inform the Court

---

[1] *See, e.g.*, *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *1–14 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 2691828, at *1–13 (W.D. Tex. Sept. 22, 2025).

[2] Although Respondents "aver that Petitioner here has been given three bond hearings before the Immigration Judge," they admit that "each hearing resulted in no action." *Id.* at 1 n.2. Thus, Respondents do not dispute that Asencio-Marroquin has not received an individualized custody determination considering flight risk and dangerousness. Nor do they dispute "the pertinent facts related to Petitioner's entry into the United States." *Id.* at 1. Accordingly, because the relevant facts are undisputed, the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**There will be no extensions of the January 28, 2026, deadlines.**

**SO ORDERED**.

**SIGNED this 21st day of January, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE